## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIANA PINNER | * | CIVIL ACTION NO._____ |
| PLAINTIFF, | * | |
| | * | |
| v. | * | |
| | * | |
| JOHN C. BONEWICZ, P.C. | * | |
| DEFENDANT | * | |

## <u>PLAINTIFF'S COMPLAINT</u>

Plaintiff, DIANA PINNER ("Plaintiff"), through her attorneys, alleges the following against JOHN C. BONEWICZ, P.C. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Louisiana, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

1

## PARTIES

6.  Plaintiff is a natural person residing in Bastrop, Morehouse Parish, Louisiana.

7.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a debt collection law firm located in Chicago, Illinois.

## FACTUAL ALLEGATIONS

10. Defendant placed telephone calls to Plaintiff in its attempts to collect an alleged debt.

11. Upon information and belief, the alleged debt Defendant is trying to collect is for purchases which were for personal, family and/or household use.

12.  In or around September of 2012, Defendant began constantly and consistently placing telephone calls to Plaintiff in its attempts to collect an alleged debt with an account number ending in - 5053.

13. Defendant placed telephone calls to Plaintiff at 318-281-50XX.

14. Defendant called Plaintiff from telephone number including but not limited to: 318-703-3944 and 318-550-3598.

15. On September 18, 2012 Defendant placed four calls to Plaintiff at the following times: 12:40 P.M., 1:00 P.M., 1:03 P.M., and 1:07 P.M.

16. On September 19, 2012, Plaintiff informed Defendant that she was working with a consolidation company to attempt to resolve her outstanding debt(s).

17. Defendant continued to place telephone calls to Plaintiff with excessive frequency after being informed that Defendant was working with a consolidation company.

18. On September 20, 2012 Defendant placed four calls to Plaintiff at the following times: 11:13 A.M., 1:34 P.M., 1:38 P.M., 1:42 P.M., and 4:03 P.M.

19. On September 21, 2012, Defendant placed five calls to Plaintiff at the following times: 9:29 A.M., 10:58 A.M., 11:00 A.M., 11:05 A.M., and 11:33 A.M.

20. On September 25, 2012, Defendant placed five calls to Plaintiff at the following times: 10:58 A.M., 11:49 A.M., 11:53 A.M., 11:56 A.M., and 1:24 P.M.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff in connection with the collection of the debt; and

    b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and/or continuously with intent to annoy Plaintiff.

    WHEREFORE, Plaintiff, DIANA PINNER, respectfully requests judgment be entered against Defendant, JOHN C. BONEWICZ, P.C. for the following:

22. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

24. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: <u>December 12, 2012</u>

By:<u>/s/ Jonathan P. Hilbun</u>
Jonathan P. Hilbun
Attorney for Plaintiff
2404 Middlecoff Drive
Gulfport MS 39507
Tel: 504-214-0459
jonathan.hilbun@gmail.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF LOUISIANA)

Plaintiff, DIANA PINNER, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


Pursuant to 28 U.S.C. § 1746(2), I, DIANA PINNER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.


Dated: _11-30-12_

_Diana Pinner_
DIANA PINNER,
Plaintiff